IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-75,914-01, -02, -03 & -04






EX PARTE RICARDO CAVAZOS, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 51,006-C, 51,007-C, 51,008-C & 51,009-C


IN THE 251ST DISTRICT COURT

FROM POTTER COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count
of sexual assault, two counts of aggravated sexual assault, and one count of indecency with a child.
He was sentenced to imprisonment for twenty years on the sexual assault count, for life and sixty
years on the aggravated sexual assault counts, and for ten years on the indecency with a child count.
The Seventh Court of Appeals dismissed his appeals. Cavazos v. State, Nos. 07-10-00391-CR, 07-10-00392-CR, 07-10-00393-CR & 07-10-00394-CR (Tex. App.-Amarillo Oct. 6, 2010, no pet.).

 Applicant contends that he was denied his right to appeal. Applicant has alleged facts that,
if true, might entitle him to relief. Ex parte Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel and appellate counsel, if retained or appointed, to respond to Applicant's
claim. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
was denied his right to appeal. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: June 22, 2011

Do not publish